**Daniel A. ROBIDA, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 20592.**

United States Court of Appeals
Ninth Circuit.

Jan. 20, 1967.

Rehearing Denied March 3, 1967.

John R. Swendsen, San Francisco, Cal., for appellant.

Mitchell Rogovin, Asst. Atty. Gen., Tax Div., Lee A. Jackson, David O. Walter, Carolyn R. Just, Attys., Dept. of Justice, Lester Uretz, Chief Counsel, I. R. S., Washington, D. C., for appellee.

Before HAMLIN, BROWNING, and ELY, Circuit Judges.

PER CURIAM:

Here we have a petition to review an unreported decision of the Tax Court. The respondent resists the contentions made in the petition, but, at the same time, he moves that we, "in the interest of complete fairness," remand the case to the Tax Court for further, but limited, proceedings.

Involved are claimed income tax deficiencies for the years 1956 through 1961. There is no dispute over the fact that petitioner derived the income upon which the deficiencies were assessed through his ability to "manipulate" slot machines located in military service clubs, principally in Germany. The petitioner, undertaking to represent himself, was unsuccessful in his presentation of a Petition for Refund in the Tax Court. The primary issue was petitioner's claim that the revenue, reported by petitioner in his tax returns for the years in question, was exempt under section 911 of the Internal Revenue Code of 1954.

In 1963 petitioner was taken into custody by German police and expelled from Germany. At the time of the arrest the German authorities seized certain of petitioner's personal records, including diaries, without the restoration of which, claims petitioner, he is unable to recall and explain facts which would operate to his favor in the resolution of his controversy with the Revenue Service. The respondent admits that the Revenue Service, through other agencies of the United States, obtained a portion of petitioner's records from the German police. These records were not made available to petitioner prior to the hearing in the Tax Court. It is because of this that the respondent has moved for remand.

It is conceded that petitioner should have been given the opportunity to examine and make use of such of his records as the Revenue Service actually has. The petitioner is not satisfied with this. He urges that the Revenue Service did not obtain all of the records which are of significant materiality to his contentions and that, since the Revenue Service was able to recover a part of his records, it can present no acceptable explanation as to why it did not obtain all of them. Upon this premise he contends that the decision of the Tax Court should be vacated and that a final decision should be issued in his favor.

When the deficiencies, including penalties, were first assessed, the notice of liability recited a determination of fraud and the alleged failure of petitioner to file returns for the years in question. It was not until the time of the hearing in the Tax Court that the respondent abandoned the issue of fraud and the mistaken claim that returns for the years in question had not been filed. Petitioner urges that he was thereby lulled into failure properly to inject the issue of whether respondent's claims were barred by applicable statutes of limitations.

Under the whole circumstances of the case, some of which we have reviewed, we conclude that respondent's motion for remand should be granted. We believe, however, that there should not be a sharp limitation upon further proceedings. It will be appropriate for petitioner to engage in discovery proceedings to the end that he may obtain all of his necessary personal records or that the respondent may attempt to make a satisfactory showing as to why records not in its possession, if such records exist, have not been obtained or cannot be obtained. The petitioner should have the opportunity to assert all defenses which may be available to him, including the applicability of the statutes of limitations. The Tax Court should make a redetermination upon the basis of such proper evidence as has already been produced plus such additional evidence as either of the parties may choose to offer.

The present decision of the Tax Court is vacated.

It is so ordered.