John E. VAN KALKER Jr. and Carol Van Kalker, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 83–2890.

United States Court of Appeals, Seventh Circuit.

Argued April 9, 1984.

Decided Aug. 9, 1984.

Before ESCHBACH and FLAUM, Circuit Judges, and JAMESON, Senior District Judge.*

FLAUM, Circuit Judge.

This appeal raises the issue of whether the Tax Court correctly found that capital was a material income-producing factor in appellant's ornamental iron business during the taxable year 1978. For the reasons stated below, we reverse.

I

Under former section 1348 of the Internal Revenue Code,[1] a taxpayer's personal service income is subject to a maximum marginal tax rate of 50%. Under section 911(b), if both personal services and capital are material income-producing factors, the taxpayer may only treat 30% of his or her

---

* The Honorable William J. Jameson, Senior District Judge for the District of Montana, is sitting by designation.

1. Section 1348 has been repealed for taxable years beginning after December 31, 1981. *See* Economic Recovery Tax Act of 1981, Pub.L. No. 97–34, 95 Stat. 172, § 101(c)(1).

personal service income as subject to the maximum tax.[2]

Appellant John E. Van Kalker Jr.[3] is a sole proprietor in the business of fabricating and installing wrought iron railings. Each railing is individually designed, fabricated, and installed. No completed railings are kept in stock. The appellant has a conference with each customer, designs the railing, measures its dimensions, and prepares a sketch of the railing. He then supervises employees who fabricate the railing. He testified at trial that if a mistake is made in measurement or fabrication, the railing is useless and it is discarded. He personally installs the railings.

Van Kalker operates the business from a building the size of a four-car garage that is adjacent to his home. In 1978, his equipment included two metal cutters, four welders, and some handmade tools. During 1978, he employed six or seven people.

In 1978, Van Kalker's business had gross receipts of $475,178. The adjusted basis of his depreciable assets and land was $49,925. His cost of goods sold was $95,235. He kept a stock of raw iron on hand, the value of which was around $10,000. The cost of labor and materials was $122,900. His net income was $196,831; his taxable income was $196,046.

On the 1978 federal income tax return, Van Kalker treated his entire taxable income as personal service income subject to the 50% maximum tax provisions of section 1348. The Internal Revenue Service determined that capital was a material income-producing factor and thus only 30% of the income qualified for the maximum tax. The IRS assessed a deficiency of $14,578.

The Tax Court sustained the deficiency, finding that capital was a material income-producing factor in Van Kalker's business. 81 T.C. 91 (1983). It found that the business employed a significant amount of capital both in cost of goods sold and in assets and that the capital contributed materially to the production of income. It reasoned that the business produced and sold tangible goods and not personal services. The court rejected the argument that whether capital is a material income-producing factor should depend on a comparison of the relative value of capital and services.

Six judges dissented from the Tax Court's opinion.[4] The dissent argued that a comparison test was proper. It found that there was no significant capital invested in the business and that it was Van Kalker's skill and effort that produced the income. Finally, the dissent argued that the majority's approach of emphasizing the sale of a tangible good would result in excluding all manufacturing businesses from the benefit of section 1348.

On appeal, Van Kalker argues that capital was not a material income-producing factor in his business. He maintains that his investment in capital in the form of materials, assets, and cost of goods sold was not substantial. Van Kalker contends that the fact that a tangible product results from his business does not mean that capital is material. He argues that personal services were the predominant factor in his business. Thus, he argues, he was entitled to treat all of his gross income as personal service income.

In response, the government argues that the Tax Court correctly found that capital was a material income-producing factor. It contends that the issue is not whether capital or services was the predominant factor but whether capital was *a* material factor. The government maintains that where capital is essential to a business, or the business produces a tangible product, capital is necessarily a material factor. Thus, it concludes, appellant was entitled to treat only

---

2. The 30% limitation has been repealed for taxable years beginning after December 31, 1978. *See* Revenue Act of 1978, Pub.L. No. 95–600, 92 Stat. 2763, § 442(a).

3. Van Kalker's wife, Carol Van Kalker, is also an appellant here. She is a party solely because she and Van Kalker filed a joint return for the tax year 1978.

4. One judge dissented, but did not join in the dissenting opinion.

30% of his income as personal service income.

## II

Treasury Regulation § 1.1348–3(a)(3)(ii) defines when capital shall be considered a material income-producing factor. It provides in pertinent part:

Whether capital is a material income-producing factor must be determined by reference to all the facts of each case. Capital is a material income-producing factor if a substantial portion of the gross income of the business is attributable to the employment of capital in the business, as reflected, for example, by a substantial investment in inventories, plant, machinery, or other equipment. In general, capital is not a material income-producing factor where gross income of the business consists principally of fees, commissions, or other compensation for personal services performed by an individual.

To determine whether capital is an income-producing factor, we consider both the form of the income and the nature of the business.

█ The fact that a tangible product results from a business does not mean that capital is a material income-producing factor. *See United States v. Van Dyke*, 696 F.2d 957 (Fed.Cir.1982) (taxidermy supplies). Congress passed section 1348 partly to encourage taxpayers with income-producing personal skills to engage in productive activity regardless of the taxable income produced. *See* H.R.Rep. No. 413, 91st Cong., 1st Sess. 208–09, *reprinted in* 1969 U.S. Code Cong. & Ad. News at 1863–65. This purpose is equally applicable to taxpayers whose personal skills produce income through a tangible product, as long as capital is not also a material factor in the production of the income. The line that Congress drew is based on which factors produce the income, not on whether a tangible product results from the process. *See Robida v. Commissioner*, 460 F.2d 1172, 1174 (9th Cir.1972). In most cases involving tangible goods, capital may well be a material income-producing factor. Congress, however, did not exclude all cases; nor can we. Thus, the fact that appellant's customers received wrought iron railings does not prove that capital was a material income-producing factor in his business.

█ The fact that capital is necessary, even vital, to the production of income also does not prove that it is a material factor. The Tax Court has recognized that "[f]ew modern businesses are conducted without the use of capital in some form or other, and it cannot be assumed that Congress intended such a narrow reading of the term 'capital' under section 1348." *Bruno v. Commissioner*, 71 T.C. 191, 201 (1978), *quoted in United States v. Van Dyke*, 696 F.2d at 962. Thus, the fact that appellant used tools and other capital is not controlling. The use of capital must not only be necessary; it must also be substantial. Treas.Reg. § 1.1348–3(a)(3)(ii).

█ In determining whether there is a substantial use of capital, a comparison of the amount of capital to the amount of personal services is not the deciding factor, but it properly should be considered as one factor. Whether capital is material cannot be determined in a vacuum. *See United States v. Van Dyke*, 696 F.2d at 961. Here, the cost of goods sold was approximately 20% of gross receipts. The adjusted basis of his depreciable assets and land was approximately 10% of gross receipts and 12% of gross income. We recognize that "no definite percentage ratio ... can be fixed at an exact point as the key to deciding when capital is a material income-producing factor." *Rousko v. Commissioner*, 56 T.C. 548, 551–52 (1971). The capital investment present here, however, is not substantial. *See, e.g., United States v. Van Dyke*, 696 F.2d at 690–92 (cost of goods sold approximately 23% and 26% of gross receipts); *Moore v. Commissioner*,

71 T.C. 533, 539 (1979) (cost of goods sold approximately 80% of gross receipts).[5]

Far more important than the amount of capital is how the capital is employed in the business. The test is whether the capital is income-producing in its own right or whether its worth depends on the application of the taxpayer's personal skills. *United States v. Van Dyke*, 696 F.2d at 691–92; *Smith v. Commissioner*, 45 T.C.M. 756, 762 (1983); *Bruno v. Commissioner*, 71 T.C. at 200; *see Innes-Behney Optical Co. v. Commissioner*, 7 B.T.A. 982–85 (1927) (decided under section 200 of the Revenue Act of 1921). Here, the iron rods are almost useless as an income-producing factor without appellant's skills. This is not a case where the gross income is attributable to a markup on the resale or the installation of unaltered materials. *See Friedlander v. United States*, 718 F.2d 294 (9th Cir.1983) (jewelry wholesaler); *Gaudern v. Commissioner*, 77 T.C. 1305 (1981) (bowling supplies); *Rousko v. Commissioner*, 56 T.C. 548 (1971) (auto repair). As for appellant's assets, the Tax Court has recognized that "capital employed in the use of auxiliary equipment, which is not income-producing in its right, may be considered in the nature of 'tools of the trade,' where the income-producing activity is fundamentally one of providing skilled, specialized and essentially personal services...." *Smith v. Commissioner*, 45 T.C.M. at 762. For example, an artist's paint brushes and easels are not income-producing capital but are the implements through which the artist exercises his personal skills. Here, appellant's tools and machinery were not income-prod ucing without his skills; rather, they were merely the conduit for his personal skills. *See Innes-Behney Optical Co. v. Commissioner*, 7 B.T.A. at 985. Thus, capital was not employed as a material income-producing factor.

 Appellant's income is attributable to his artistic skill and effort in custom-designing the ornamental ironwork. His customers paid fees for his skill and effort; although they received a tangible product, the product's value, and thus appellant's income, was produced by his personal services. Therefore, appellant was entitled to treat all of his taxable income from his business as personal service income under section 1348.

REVERSED.

---

**5.** We do not rely heavily on numerical comparisons among cases. Such comparisons are of little help for two reasons. First, comparisons do not take into account the nature of the businesses being compared. Second, the ratios in different cases are often the product of different factors. For example, in *Van Dyke*, the court gave the cost basis of the assets, cost of goods sold, and gross receipts. In *Wilson v. Commissioner*, 43 T.C.M. 1474, 1476 (1982), the court relied on the book value of the assets. *See Smith v. Commissioner*, 45 T.C.M. 756, 764 n. 9 (1983) (noting distinction between comparisons based on gross receipts and those based on gross income).